IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:09-CV-72-D

| | | |
|---|---|---|
| RANSEY O'DANIEL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| UNITED HOSPICE, | ) | |
| | ) | |
| Defendant. | ) | |

Ransey O'Daniel ("plaintiff" or "O'Daniel") is an African-American male who worked for United Hospice ("defendant" or "United Hospice") as a chaplain from March 2008 until his discharge in June 2008. O'Daniel, proceeding pro se, alleges that United Hospice discharged him based on his sex and race in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e-16. United Hospice denies O'Daniel's allegations and contends that it lawfully discharged O'Daniel based on his unsatisfactory performance.

On March 31, 2010, United Hospice moved for summary judgment [D.E. 16]. O'Daniel responded in opposition [D.E. 21]. As explained below, the court grants United Hospice's motion for summary judgment.

I.

United Hospice, a health-care facility for patients in the last stages of terminal illness, hired O'Daniel as a chaplain in Farmville, North Carolina. As a chaplain, O'Daniel was expected to establish an "authentic" chaplaincy relationship with patients, assess patients' underlying spiritual issues, and determine how patients' spiritual issues impact their treatment plan. Burton-Crutchfield

Aff. ¶ 34.[1]

When O'Daniel started at United Hospice, Stephanie Long, an administrator, participated in O'Daniel's training and reviewed his paperwork from patient visits. O'Daniel Dep. 93–94; Long Aff. ¶ 4. Long determined that O'Daniel's patient paperwork was often disorganized, inadequate, and inaccurate. Long Aff. ¶ 4. Additionally, during training, O'Daniel was often distracted and had difficulty receiving instruction and constructive criticism. Id.

Kayte Elliott, a chaplain at another United Hospice location, also trained O'Daniel. O'Daniel Dep. 94–95. In her training notes, Elliott documented that O'Daniel arrived more than two hours late for a training meeting, interrupted Elliott's training instruction mid-sentence to make a telephone call, asked patients "choppy," "random" questions, and saw patients monthly rather than scheduling according to the patients' needs. Def. Mem., Ex. 4-A (Elliott training notes). Additionally, a patient's family requested that O'Daniel no longer see the patient. Id.

On May 27, 2008, Burton-Crutchfield conducted O'Daniel's "90-day competency check[]" to assess his competency as a chaplain. Burton-Crutchfield Aff. ¶ 26. O'Daniel performed poorly and failed the competency test. See id. ¶¶ 30–36. Burton-Crutchfield discussed the test results with O'Daniel and offered him a second chance to pass. See id. at ¶¶ 36–37. O'Daniel again performed poorly. See id. ¶¶ 42–48. O'Daniel failed to demonstrate "self-correction, self-direction[,] [or] an ability to process how his actions affected others." Id. ¶ 50. Thus, based on O'Daniel's performance, he was found to be incompetent as a hospice chaplain. Id. O'Daniel asked Burton-Crutchfield what would happen next, and she informed him that Avery Jones, the administrator of the United Hospice Farmville location, would decide. Id. ¶ 52.

---

[1] During plaintiff's employment, Wanda Burton-Crutchfield was Coastal Regional Chaplain for UHS Pruitt Corporation and a consultant for United Hospice. See Burton-Crutchfield Aff. ¶ 2.

O'Daniel met with Jones to discuss the test results. O'Daniel Dep. 144. Jones told O'Daniel that, based on O'Daniel's salary and credentials, more was expected of him. Id. On June 9, 2008, Jones terminated O'Daniel's employment because of his "unsatisfactory performance." Def. Mem., Ex. 4-B (notice of termination).

On June 16, 2008, O'Daniel filed charges with the EEOC alleging that United Hospice unlawfully fired him based on his sex and race. Compl. ¶ 11. On February 4, 2009, the EEOC issued right-to-sue notice to O'Daniel. Id., Ex. 1.[2]

On May 7, 2009, O'Daniel filed suit in this court, alleging discrimination based on sex and race in violation of Title VII [D.E. 4]. On March 31, 2010, United Hospice moved for summary judgment [D.E. 16]. O'Daniel responded in opposition [D.E. 21].

## II.

Summary judgment is appropriate when, after reviewing the record taken as a whole, no genuine issue of material fact exists, and the moving party is entitled to judgment as a matter of law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–48 (1986). The party seeking summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). Once the moving party has met its burden, the nonmoving party may not rest on the allegations or denials in its pleading, Anderson, 477 U.S. at 248, but "must come forward with specific facts showing that there is a genuine issue for trial." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (emphasis removed) (quotation omitted).

---

[2] O'Daniel's replacement was a white male whom United Hospice terminated during his 90-day probationary period for unsatisfactory performance and insufficient qualifications. Burton-Crutchfield Aff. ¶ 55.

3

A trial court reviewing a motion for summary judgment determines whether a genuine issue of material fact exists for trial. Anderson, 477 U.S. at 249. In making this determination, the court views the evidence and the inferences drawn therefrom in the light most favorable to the nonmoving party. Scott v. Harris, 550 U.S. 372, 378 (2007). Thus, the court "give[s] credence to the evidence favoring the nonmovant as well as that evidence supporting the moving party that is uncontradicted and unimpeached." Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 151 (2000) (quotation omitted).

Title VII makes it unlawful for an employer "to discharge any individual . . . because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). O'Daniel argues that he was fired because of his sex and race. See O'Daniel Dep. 84; Compl. ¶¶ 4–6. O'Daniel lacks direct evidence of discrimination and relies on circumstantial evidence to prove discrimination under Title VII. See O'Daniel Dep. 84, 100, 127–28, 168, 190. Thus, the court employs the burden-shifting framework announced in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). See, e.g., Reeves, 530 U.S. at 142–43; Warch v. Ohio Cas. Ins. Co., 435 F.3d 510, 513–14 (4th Cir. 2006); Hill v. Lockheed Martin Logistics Mgmt., Inc., 354 F.3d 277, 284–85 (4th Cir. 2004) (en banc).

In order to state a prima facie case under McDonnell Douglas, plaintiff must show that "(1) [he] is a member of a protected class; (2) [he] suffered adverse employment action; (3) [he] was performing [his] job duties at a level that met [his] employers' legitimate expectations at the time of the adverse employment action; and (4) the position remained open or was filled by similarly qualified applicants outside the protected class." Miles v. Dell, Inc., 429 F.3d 480, 485 (4th Cir. 2005).

As for O'Daniel's sex discrimination claim, O'Daniel was replaced by a white male. See

4

Burton-Crutchfield Aff. ¶ 55. Thus, O'Daniel has failed to meet the fourth element under McDonnell Douglas and thereby failed to state a prima facie case of sex discrimination. See, e.g., Miles, 429 F.3d at 486. Moreover, nothing in the record indicates that this court should not apply the fourth requirement in this case. Cf. id. (noting unique circumstances where the fourth requirement under McDonnell Douglas does not apply).

As for plaintiff's race discrimination claim, the court assumes, without deciding, that O'Daniel has met his prima facie case as to race discrimination. See, e.g., King v. Rumsfeld, 328 F.3d 145, 149 (4th Cir. 2003) (describing elements of prima facie case in a Title VII race discrimination discharge case). Where the employee establishes a prima facie case, a rebuttable presumption of discrimination arises, and the burden then shifts to the employer to articulate a legitimate, nondiscriminatory reason for the adverse employment action. See, e.g., Reeves, 530 U.S. at 142–43; Holland v. Washington Homes, Inc., 487 F.3d 208, 218 (4th Cir. 2007); Hill, 354 F.3d at 285. United Hospice has offered O'Daniel's unsatisfactory performance as the real reason for his discharge. Accordingly, the burden shifts back to O'Daniel to show that the employer's stated reason was not its true reason, but a pretext for race discrimination. See, e.g., Holland, 487 F.3d at 218; Hill, 354 F.3d at 285.[3] O'Daniel can meet his burden of proving pretext either by showing that United Hospice's explanation is "unworthy of credence" or "by offering other forms of circumstantial evidence sufficiently probative" of discrimination. See, e.g., Mereish v. Walker, 359 F.3d 330, 336 (4th Cir. 2004).

In evaluating United Hospice's explanation, the court looks at the facts as they appeared to the person making the decision to discharge O'Daniel. See, e.g., Holland, 487 F.3d at 217–18; Hill,

---

[3]Even if plaintiff had stated a prima facie case of sex discrimination, the same analysis would apply to his sex discrimination claim.

5

354 F.3d at 293. Here, Avery Jones, was "the one principally responsible for the decision [and] the actual decisionmaker for [United Hospice]." Hill, 354 F.3d at 291; see also Def. Mem., Ex. 4-B (notice of termination); Burton-Crutchfield Aff. ¶ 53; Long Aff. ¶ 6; O'Daniel Dep. 79, 84. Jones knew that O'Daniel failed the competency test and was found to be incompetent as a hospice chaplain. See O'Daniel Dep. 144.

O'Daniel has failed to show that a genuine issue of material fact exists as to United Hospice's asserted reason for firing him, i.e., his unsatisfactory performance. See O'Daniel Dep. 84, 100, 127–28, 168, 190; see also, e.g., Holland, 487 F.3d at 217–18; Hux v. City of Newport News, Va., 451 F.3d 311, 315 (4th Cir. 2006); Price v. Thompson, 380 F.3d 209, 215 (4th Cir. 2004); King, 328 F.3d at 150–54; cf. Reeves, 530 U.S. at 147–53 (triable issue concerning pretext existed where employee presented sufficient evidence that decisionmaker made discriminatory remarks and engaged in discriminatory treatment). Moreover, O'Daniel's sincere belief that he was performing his job adequately does not alter this conclusion. See, e.g., Holland, 487 F.3d at 217–18; Williams v. Cerberonics, Inc., 871 F.2d 452, 459 (4th Cir. 1989); Smith v. Flax, 618 F.2d 1062, 1067 (4th Cir. 1980). Likewise, O'Daniel's reference to Burton-Crutchfield's treatment of Kayte Elliot (a white, female chaplain at United Hospice's Smithfield facility) does not create a genuine issue of material fact as to pretext. See O'Daniel Dep. 84. When Burton-Crutchfield conducted the 90-day competency review of Elliot, Burton-Crutchfield noted areas in which Elliot could improve, but rated her competent in 13 of 13 areas. See Burton-Crutchfield Aff. ¶ 59; Ex. 2-C. In contrast, she rated O'Daniel competent in only 6 of the 13 areas. See Burton-Crutchfield Aff. ¶ 52. Thus, O'Daniel and Elliot are not similarly situated.

Finally, the court notes that this case does not turn on whether Jones or Burton-Crutchfield was the decisonmaker, or whether Burton-Crutchfield substantially influenced the decision. Cf. Hill,

354 F.3d at 293. Notably, the only person that O'Daniel contends had discriminatory animus in connection with his termination was Burton-Crutchfield. See O'Daniel Dep. 84. The record shows, however, that Burton-Crutchfield was the person who hired O'Daniel. See Burton-Crutchfield Aff. ¶¶ 8–12. Even if Burton-Crutchfield made the decision to fire O'Daniel (or substantially influenced it), that fact does not help O'Daniel. "[I]n cases where the hirer and firer are the same individual and the termination of employment occurs within a relatively short time span following the hiring, a strong inference exists that discrimination was not a determining factor for the adverse action . . . ." Proud v. Stone, 945 F.2d 796, 797 (4th Cir. 1991); see also Amirmokri v. Baltimore Gas & Elec. Co., 60 F.3d 1126, 1130 (4th Cir. 1995). In sum, O'Daniel has failed to present evidence to create a genuine issue of material fact as to pretext (whether the claim is sex or race discrimination). Accordingly, United Hospice is entitled to summary judgment.

III.

In light of the foregoing, the court GRANTS defendant's motion for summary judgment [D.E. 16]. The Clerk of Court shall close this case.

SO ORDERED. This **27** day of September 2010.

JAMES C. DEVER III
United States District Judge